

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 CR 200 |
| | ) |
| TROY LAWRENCE, *et al.*, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants Andre Seymour, Kent Clark, Andre Lawrence and Nyroby Seymour to not be sentenced under 21 U.S.C. 841(b)(1)(A) because the government did not prove to the jury that the substances were in fact crack cocaine. For the following reasons, the motion is denied.

## BACKGROUND

Defendants have been convicted of:

(a)    knowingly and intentionally possessing with intent to distribute and distributing a controlled substance, namely, in excess of 5 kilograms of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and

(b)    knowingly and intentionally possessing with intent to distribute and distributing a controlled substance, namely, in excess of 50 grams of mixtures and substances containing cocaine base, commonly referred to as "crack," a Schedule II Controlled Substance, within one thousand feet of the real property comprising an elementary school, namely, the Gavin Elementary School, in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a). See Indictment, Count One.

In a special verdict form, the jury concluded that the conspiracy included over 50 grams of cocaine base and between 500 grams and 5 kilograms of powder cocaine.

## DISCUSSION

In their current motion, Defendants argue that they should not be sentenced under 21 U.S.C. 841(b)(1)(A) because the government did not prove to the jury that the substances were in fact crack cocaine. Defendants attempt to use a recent Seventh Circuit case, *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), to suggest that the jury in this case must not have concluded that the cocaine base at issue in the charged conspiracy was crack cocaine and, therefore, the cocaine base mandatory minimum sentences do not apply.

In *Edwards*, the Seventh Circuit concluded that "cocaine base" under Title 21 means "cocaine base" that is also "crack cocaine." 397 F.3d at 577. Thus, in order to determine the appropriate mandatory minimum, it must be shown by a preponderance of the evidence that the cocaine base sold during the Lawrence conspiracy was crack cocaine. *See Edwards*, 397 F.3d at 574-77 (finding district court erred by imposing mandatory minimum sentence without also finding cocaine base at issue was crack cocaine). As demonstrated below, the evidence on this point is overwhelming and, in fact, the jury necessarily concluded beyond a reasonable doubt that the cocaine base at issue in the instant case was crack cocaine.

Unlike the mandatory minimums the Defendants face, the statutory maximums applicable to those convicted on Count One of the charged conspiracy are determined by the jury's finding of the quantities of powder cocaine and/or crack cocaine in the conspiracy. Putting aside the issue of the jury's findings regarding crack cocaine, the jury's finding on powder cocaine in the instant case dooms the defendants' "cocaine base" argument. The jury, in a special verdict form, concluded beyond a reasonable doubt that the charged conspiracy involved more than 500 grams but less 5 kilograms of powder cocaine. Under Title 21, United States Code, Section

2

841(b)(1)(B), this yields a statutory maximum sentence of 40 years' imprisonment for each of the Defendants convicted on Count One. Moreover, in the instant case, every Defendant who went to trial except Stacia Smith is subject to enhanced penalties based on the government's filing of notices under 21 U.S.C. Section 851. Returning to Section 841(b)(1)(B), the statute makes clear that those individuals who participate in a conspiracy (or substantive act) that involves more than 500 grams of powder cocaine and have a prior drug conviction are subject to a statutory maximum penalty of life. Thus, without regard to the Defendants' cocaine base argument, every Defendant except Stacia Smith is facing a statutory maximum of life imprisonment based on the powder cocaine Count One conspiracy conviction.

Moreover, the jury, by convicting on Count One and determining a quantity of cocaine base, essentially made a finding that the cocaine base is crack cocaine. As noted above, Defendants were charged with knowingly and intentionally possessing with intent to distribute and distributing a controlled substance, namely, in excess of 50 grams of mixtures and substances containing cocaine base, commonly referred to as "crack." *See* Indictment, Count One. The jury was provided with a copy of the indictment that repeatedly referred to the substance sold by members of the conspiracy as "crack." *Id.* Count One specifically charged members of the conspiracy with cooking powder cocaine that defendant Troy Lawrence obtained from cocaine suppliers into crack cocaine. In short, the indictment made clear that the "cocaine base" at issue in the Lawrence conspiracy was alleged to be crack cocaine.

In the addition, the jury was provided with numerous jury instructions that reference crack cocaine. Most importantly, the jury was instructed that one of the objects of the conspiracy charged in Count One is the possession with intent to distribute and distribution of crack cocaine

3

within 1,000 feet of an elementary school. To sustain a charge of possessing with intent to distribute and distributing crack cocaine within 1,000 feet of an elementary school, the government must prove [beyond a reasonable doubt] that a defendant distributed the cocaine base referred to in the count.

As the indictment makes clear, the cocaine base referred to in Count One was crack cocaine. Therefore, by convicting the Defendants of Count One and concluding the conspiracy involved over 50 grams of cocaine base, the jury necessarily found that the cocaine base was, in fact, crack cocaine, as that was the only type of cocaine base referred to in Count One. In fact, the jury was specifically instructed that the Defendants were charged in the conspiracy in Count One with possessing with intent to distribute and distributing crack cocaine within 1,000 feet of an elementary school. *Id.*

Finally, all of the evidence presented to the jury made clear that the cocaine base referred to in the charged conspiracy was crack cocaine. We find that there is sufficient evidence that the jury concluded beyond a reasonable doubt that the cocaine base at issue in Count One was crack cocaine. Thus, not only is the Defendants' cocaine base argument immaterial given the jury's findings regarding powder cocaine, it also fails on the merits. In short, the Defendants (excluding Stacia Smith) are subject to statutory maximum possible penalties of life based on the jury's findings regarding both powder cocaine and crack cocaine.

4

## CONCLUSION

For the foregoing reasons, we deny the motion of Defendants Andre Seymour, Kent Clark, Andre Lawrence, and Nyroby Seymour not to be sentenced under 21 U.S.C. 841(b)(1)(A).

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: September 8, 2005

5